UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LESALDO SHALTO,<br><br>                              Plaintiff,<br><br>          -v.-<br><br>ASTORIA PROVISIONS LLC and CORNER BUILDING CORP.,<br><br>                             Defendants. | 22 Civ. 8737 (JHR)<br><br>ORDER TO SHOW CAUSE |

JENNIFER H. REARDEN, District Judge:

       Plaintiff Lesaldo Shalto filed the Complaint in this action on October 13, 2022. ECF No. 1. Plaintiff moved for default judgment against Defendants Astoria Provisions LLC and Corner Building Corp. on May 8, 2023. ECF No. 29. On June 5, 2023, the Court *sua sponte* raised a question about standing and ordered Plaintiff to "seek leave to file an amended complaint that adequately alleges standing or show cause as to why the case should not be dismissed for lack of standing." ECF No. 34 at 2. On November 17, 2023, the Court granted Plaintiff's motion for leave to amend the Complaint. *See* ECF No. 40. Plaintiff filed the First Amended Complaint ("FAC"), *see* ECF No. 41, which rendered Plaintiff's motion for default judgment moot. *See Greer v. Carlson*, 2021 WL 11594387, at *1 (S.D.N.Y. Apr. 30, 2021) (striking certificate of default entered on first amended complaint "once Plaintiff filed his [second amended complaint]," because it "superseded the [first amended complaint] as the operative pleading, thereby rendering the entry of default . . . on the [first amended complaint] as a legal nullity"); *Vasquez v. Young Chow Garden, Inc.*, 2018 WL 11452581, at *1 (S.D.N.Y. Nov. 16, 2018) ("Because this Court granted Plaintiffs' motion to amend, and Plaintiffs thereafter filed a Second Amended Complaint, their motion for a default judgment, and the Clerk's entries of [certificates

of] default, are moot."). Accordingly, Plaintiff's motion for a default judgment (ECF No. 29) is DENIED as moot.

Defendants were served with the FAC on November 27, 2023. ECF Nos. 45, 46. Their answers were therefore due on December 18, 2023. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint."). To date, Defendants have not responded to the FAC or otherwise appeared in this action. Plaintiff, however, has not moved for default judgment against Defendants.

It is hereby ORDERED that, by no later than **January 29, 2024,** Plaintiff shall move for a default judgment against Defendants or show cause why this action should not be dismissed for failure to prosecute. Any application for a default judgment must comply with the Court's Individual Rules and Practices in Civil Cases. **Failure to submit a timely and proper motion for default judgment may result in dismissal without prejudice of this case**. *See* Fed. R. Civ. P. 41. Pursuant to the Court's Individual Rules, Plaintiff must serve her motion and supporting papers on Defendant by **January 29, 2024**, and must file an affidavit of service on ECF by **January 31, 2024**. If or when a motion for default judgment is filed and proof of service is furnished, the Court will enter a further order setting a deadline for any opposition and reply and, if appropriate, scheduling a date and time for a default judgment hearing.

It is further ORDERED that, by **January 25, 2024**, Plaintiff shall serve a copy of this Order on Defendant via overnight courier. Within **two business days of service**, Plaintiff shall file proof of such service on the docket.

The Clerk of Court is directed to terminate ECF No. 29 and to strike the entry of default at ECF No. 27.

SO ORDERED.

Dated: January 19, 2024
      New York, New York

                                                                 Jennifer H. Rearden
                                                                 United States District Judge