UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LESALDO SHALTO

                Plaintiff,

-v.-

ASTORIA PROVISIONS LLC, et al.,

                Defendants.

22 Civ. 8737 (JHR)

DEFAULT JUDGMENT

---

JENNIFER H. REARDEN, District Judge:

On October 13, 2022, Plaintiff Lesaldo Shalto filed the instant action, asserting claims for violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107, and the New York State Human Rights Law, N.Y. Exec. Law §§ 290 *et seq*. ECF No. 1. On June 5, 2023, following reassignment of the case to this Court,[1] the Court ruled that "the allegations in the Complaint fail[ed] to adequately allege standing." ECF No. 34 at 2. On June 26, 2023, Plaintiff sought leave to file a First Amended Complaint, ECF No. 36, which the Court granted, ECF No. 40.

On November 17, 2023, Plaintiff filed the First Amended Complaint. ECF No. 41. On November 27, 2023, Defendants Astoria Provisions LLC and Corner Building Corp. were served with process. ECF Nos. 43, 45, 46. Defendants' answers were therefore due on December 18, 2023. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint."). All Defendants failed to answer or otherwise appear.

On January 24, 2024, upon Plaintiff's application, ECF No. 49, the Clerk of Court issued certificates of default for all Defendants, ECF No. 51. On January 29, 2024, Plaintiff moved for

---

[1] This case was originally assigned to the Honorable Jesse M. Furman.

a default judgment pursuant to Federal Rule of Civil Procedure 55.  ECF No. 53.  On September 3, 2024, the Court issued an order directing Defendants to show cause, by September 18, 2024, as to why a default judgment was not warranted.  ECF No. 57.  On September 4, 2024, Plaintiff served the Court's Order on Defendants.  ECF No. 58.  To date, Defendants have not opposed the Order or otherwise appeared.

The Court has reviewed Plaintiff's motion for a default judgment and supporting submissions.  Because proof of service has been filed; Defendants have failed to answer the Complaint; the time for doing so has expired; and Defendants have failed to appear to contest the entry of a default judgment, the Court enters a default judgment for Plaintiff against Defendants on all claims, with injunctive and compensatory relief to be determined at an inquest, plus costs, interest, and attorneys' fees to be determined based on a subsequent submission.

By separate Order, the Court will refer this case to Magistrate Judge Valerie Figueredo for an inquest into injunctive relief and damages.  By **Friday, October 4, 2024**, Plaintiff shall serve this Order upon Defendants and file an affidavit reflecting such service.

The Clerk of Court is directed to terminate ECF No. 53.

SO ORDERED.

Dated: September 30, 2024
New York, New York

                                                                          JENNIFER H. REARDEN
                                                                          United States District Judge

2